IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLEN O. MITCHELL, | ) | CASE NO. 4:08CV3230 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, the | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Plaintiff, Glen O. Mitchell: to stay proceedings regarding attorney fees (Filing Nos. 28, 30)[1]; and to alter or amend the Judgment (Filing No. 31).

*Alter or Amend Judgment*

The Court granted the Defendant's motion for a sentence-four remand, 42 U.S.C. § 405(g). (Filing Nos. 24, 25.) The Court reversed the ALJ's decision and ordered the ALJ to reevaluate "'the evidence regarding the Plaintiff's handling and fingering abilities and then incorporate into the [residual functional capacity ("RFC")] assessment any credible handling and fingering limitations.'" (Filing No. 24.) The Court noted that supplemental vocational expert testimony will then be needed based on the reconsidered RFC assessment. (Filing No. 24.)

The Plaintiff requests that the Court alter the Judgment and remand the case under sentence six. A sentence-six remand may be ordered "in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*

---

[1] The two motions for stay appear to be identical.

*v. Schaefer,* 509 U.S. 292, 297 n.2 (1993).  The Plaintiff argues, among other things, that, because the Court ordered additional vocational expert testimony, a sentence-six remand is required.  However, the Plaintiff has not identified any material evidence not presented, for good cause, before the ALJ.  Moreover, ordering further development of the record is appropriate in the context of a sentence-four remand.  *Buckner v. Apfel,* 213 F.3d 1006, 1013 (8th Cir. 2000); *Hafner v. Sullivan,* 972 F.2d 249, 250 (8th Cir. 1992).

This case does not present the necessary criteria for a sentence-six remand, and the remand is correctly characterized under sentence four.  The motion to alter or amend the judgment is denied.

***Stay Proceedings Pending Potential Motion for Attorney Fees***

The Plaintiff moves for a stay regarding the issue of attorney fees.  The Plaintiff is correct in arguing that if, on remand, he receives an award of past-due benefits he would be eligible to request attorney fees under the Social Security Act, 42 U.S.C. § 406(b).  Because an award of attorney fees under the Social Security Act is determined by the amount of any benefits awarded, Plaintiff's counsel cannot apply for attorney fees at this time, in light of the fact that the remand order did not award benefits.  If the Plaintiff receives an award of benefits upon remand, counsel may then file a motion for attorney fees under § 406(b). *Burnett v. Heckler,* 756 F.2d 621, 624 (8th Cir. 1985); *See, e.g., Bear v. Astrue,* 4:05CV3283 (D. Neb).  The motion is denied as moot.

IT IS ORDERED:

1. The Plaintiff's motion to alter or amend the Judgment (Filing No. 31) is denied; and

2. The Plaintiff's motions to stay (Filing Nos. 28, 30) are denied as moot.

DATED this 9th day of June, 2009.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge