IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GLEN O. MITCHELL,** | ) | **CASE NO. 4:08CV3230** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 40). The motion is supported by a brief (Filing No. 42) and evidence (Filing No. 41). The Defendant responded (Filing No. 43), and the Plaintiff replied (Filing No. 44).

## FACTUAL BACKGROUND

On November 17, 2008, the Plaintiff filed his complaint alleging that he is disabled under the Social Security Act and requesting a reversal of the Commissioner's decision denying him benefits or, in the alternative, a remand for a new hearing. (Filing No. 1.) The Plaintiff filed his supporting brief (Filing No. 19) and supplemental evidence (Filing No. 20). The Defendant did not file a brief; rather, the Defendant moved for a remand under sentence four of 42 U.S.C. § 405(g), which provides that the court may consider the pleadings and transcript of the record and enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding for a rehearing. (Filing No. 23.) A remand under sentence four terminates this Court's jurisdiction. *Travis v. Astrue,* 477 F.3d 1037, 1039 (8th Cir. 2007). In support of the request for remand, counsel for the Defendant stated that agency counsel reviewed the case and asked the

Appeals Council to review the case. Upon doing so, the Appeals Council concluded that a remand was appropriate. (Filing No. 23.) On May 21, 2009, this Court remanded the case to the ALJ, ordering in accordance with the Defendant's suggestion that the ALJ "'reevaluate the evidence regarding the Plaintiff's handling and fingering abilities and then incorporate into the RFC assessment any credible handling and fingering limitations.'" (Filing No. 24 (quoting Filing No. 23).) The Court noted that it would then be necessary to hear supplemental vocational expert testimony based on the reconsidered RFC assessment. (Filing No. 24.) Plaintiff's counsel received attorney fees in the total amount of $5,198.57 ($4,073.07 in attorney fees and $1,125.50 in paralegal fees) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The instant motion for attorney fees under 42 U.S.C. § 406(b) followed. (Filing No. 40.) In support of the application for § 406(b) fees, plaintiff's counsel filed the following evidence: the fee agreement entered into between the Plaintiff and his attorney (Ex. 1)[1]; the March 29, 2006, ALJ's decision (Ex. 2); the September 4, 2009, ALJ's decision (Ex. 3); the Commissioner's notice of the Plaintiff's past due benefits in the amount of $74,776.00 (Ex. 4); counsel's affidavit (Ex. 5); the application for worker compensation benefits and lump sum settlement computation (Ex. 6); Plaintiff's history of incarceration during the applicable time period and docket sheets from the County Court of Lancaster County, Nebraska, regarding the pertinent offenses (Ex. 7); and a portion of detailed covered earnings and employer information for 1994-2003 (Ex. 8). The Defendant does not oppose a fee award but requests that the

---

[1] The fee agreement states that the Plaintiff will pay an attorney fee equaling the larger of the following: $2,000; up to 25% of any awarded past-due benefits; or any EAJA award. (Filing No. 41, Ex. 1.)

Court award a reasonable fee. The Defendant argues that the maximum allowable fee under § 406(b) is $13,394.00. That amount represents $18,694.00 (25% of the total past due benefits awarded, $74,776.00) minus $5,300 (attorney fees already awarded). (Filing No. 43, at 2.) The Defendant also argued that, if an award is made, the $5,198.57 awarded in EAJA fees must be refunded to the Plaintiff. *See Cotter v. Bowen,* 879 F.2d 359, 362 n.2 (8th Cir. 1989).

## DISCUSSION

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

EAJA fees are paid by the Social Security Administration, while fees awarded under § 406(b) are paid from the Claimant's past-due benefits. *Id.*; *Bear v. Astrue,* 544 F. Supp. 2d 881, 883 (D. Neb. 2008). When a claimant receives awards under both the EAJA and § 406(b), the claimant's attorney must refund the smaller award to the claimant. *Bear,* 544 F. Supp. 2d at 884-85. In determining whether a requested fee under § 406(b) is "reasonable," a court must consider factors including: the "'character of the representation and the results the representation achieved.'" *Id.* at 884 (quoting *Gisbrecht v. Barnhart,*

3

535 U.S. 789, 793 (2002)). Also, a fee award may be reduced if the attorney is responsible for delay "such that [the attorney] would 'profit from the accumulation of benefits during the pendency of the case in court.'" *Id.* (quoting *Gisbrecht,* 535 U.S. at 793)).

Considering the applicable factors, the Court finds that Plaintiff's counsel is very experienced, having represented claimants in 67 cases in this Court. The quality of the attorney's work is good. In this case, the attorney filed a thorough brief, and the result was that the government moved for a remand. The Court concludes that a fee award under § 406(b) is reasonable for the amount of work performed, 23.85 hours.[2]

With respect to the specific amount, the parties differ in their calculations. The Court has carefully reviewed both parties' calculations and, under the law, concludes that the calculation proposed by the Defendant is appropriate:

|       | $18,694.00 | withheld by the SSA as 25% of past-due benefits |
|-------|------------|-------------------------------------------------|
| -     | $5,300.00  | attorney fees awarded for work at the administrative level |
| total | $13,394.00 | maximum allowable fee under § 406(b).           |

One additional issue remains regarding this portion of the calculation. The law provides that, when an attorney receives both EAJA and § 406(b) awards, the attorney must refund the smaller amount to the claimant. That procedure will be followed in this

---

[2]The attorney represents that he worked 23.85 documented hours on this case before this Court. This total represents the number of hours completed at the time of the EAJA application. (Filing No. 42, at 10.) Additional time was spent preparing the instant motion, affidavit, and brief. (*Id.*) However, the time associated with the motion has not been documented.

4

case.  Therefore, a total fee under § 406(b) will be awarded in the amount of $13,394.00, and Plaintiff's counsel will be ordered to refund $5,198.57 to the Plaintiff.

The Plaintiff's request that the amount of past-due benefits be increased to allow for worker compensation benefits paid and time during which Plaintiff was incarcerated. (Filing No. 42.) However, it appears that, as Defendant argued, Plaintiff has not exhausted his administrative remedies to seek a higher amount of past-due benefits.  As Defendant stated, if Plaintiff is successful in obtaining a higher amount of past-due benefits, he may then move for an increase in his § 406(b) award.

Therefore,

IT IS ORDERED:

1.     The Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 40) is granted in the amount of $13,394.00, which must be paid from the 25% of the Plaintiff's past-due benefits being held by the Social Security Administration for direct payment to counsel for an authorized attorney fee; and

2.     Plaintiff's counsel must refund the Plaintiff $5,198.57, which represents the total attorney fee previously awarded by this Court under the EAJA.

DATED this 12th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge